**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GERALD BRIAN VIGIL,

      Plaintiff,

v.                                       CIV 1:23-0837 KWR/DLM

MARTIN O'MALLEY,[1]
Commissioner of Social Security,

      Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Objections (Doc. 35) to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 34). The Magistrate Judge recommended denying Plaintiff's Opposed Motion to Reverse or Remand (Doc. 23) and affirming the decision of the Commissioner. Having conducted an independent, *de novo* review of the Motion, the PFRD (Doc. 34), and all related briefing (Docs. 23; 29; 32), the Court will overrule Plaintiff's objections and adopt the PFRD.

## I.    BACKGROUND

This is Vigil's second appeal to the United States District Court on his claims for disability benefits. (*See* Doc. 13 (Administrative Record ("AR")) at 1286.) On September 26, 2018, Vigil protectively filed an application with the Social Security Administration for disability and disability insurance benefits under Title II of the Social Security Act ("SSA") and for Supplemental Security Income under Title XVI of the SSA. (AR at 271–80.) Vigil alleged a disability onset date of May 1, 2014. (*Id.* at 271.) Disability Determination Services determined that Vigil was not

---

[1] Martin O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as defendant in this suit.

disabled initially (*id.* at 90–123) and on reconsideration (*id.* at 124–67). Vigil requested a hearing with an Administrative Law Judge ("ALJ"). (*Id.* at 200–03.) Following a hearing, ALJ Michael Mannes issued an unfavorable decision on July 6, 2020. (*Id.* at 21–29.) Vigil appealed to this Court, and the Court remanded the case for further proceedings. (*Id.* at 1368.)

Following a second hearing on remand, ALJ Mannes issued an unfavorable decision on July 5, 2023. (*Id.* at 1286–1310.) Vigil filed the matter now before this Court on September 26, 2023. (*See* Doc. 1.) United States Magistrate Judge Damian L. Martínez issued his PFRD recommending denial of remand on September 6, 2024. (Doc. 34.) Vigil timely filed objections on September 17, 2024. (Doc. 35.)

## II.    STANDARD OF REVIEW

This case was referred to Judge Martínez to conduct hearings and perform legal analysis pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Doc. 12.) Under that referral provision, the Court's standard of review of a PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations omitted).

In adopting the PFRD, the district court need not "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citations omitted). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993) (citation omitted). The Supreme Court has explained that "in providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chose to place on a magistrate[ judge's] proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 27 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

## III.   ANALYSIS

Vigil submits a five-page brief objecting to the PFRD. (Doc. 35.) He does not, however, specifically object to any one of the PFRD's findings or recommendations. (*See id.*) Rather, Vigil summarizes the arguments he made in his original motion on the first two issues: the ALJ's alleged cherry-picking and inadequate analysis of consultative psychological examiner Dr. David LaCourt's opinion. (*See id.*; *see also* Doc. 23 at 54–58.) Based on the Court's de novo determination of the issues Vigil presents in his motion and objections and after reviewing de novo the relevant law, the Court will overrule the objections and adopt the recommendations set out in the PFRD.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections (Doc. 35) are **OVERRULED** and that the PFRD (Doc. 34) is **ADOPTED** upon de novo review.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Reverse Agency or Remand (Doc. 23) is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE